1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10   ETIENNE L CHOQUETTE,

CASE NO. 3:15-CV-05838-BHS-JRC

11            Plaintiff,

ORDER TO SHOW CAUSE OR
AMEND AND ORDER DENYING
MOTION TO APPOINT COUNSEL
12      v.

13   BERNARD WARNER et al.,

14            Defendants.

15        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

16   Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

17   636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

18        Plaintiff Etienne L. Choquette, proceeding *pro se* and *in forma pauperis*, filed this civil

19   rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint

20   under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint but provides plaintiff

21   leave to file an amended pleading by January 29, 2016, to cure the deficiencies identified herein.

22

23

24

The Court also denies plaintiff's motion for appointment of counsel (Dkt. 8) because plaintiff has demonstrated his ability to articulate his claims without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time.

## BACKGROUND

Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP"), alleges that he was denied adequate medical care. Dkt. 7. Plaintiff alleges that he has multiple sclerosis ("MS") and that prior to December 5, 2013 he was being treated with 2400mgs of gabapentin daily. *Id.* at 5, 16. Plaintiff alleges that in early to mid 2013 his nerve pain increased, and on November 7, 2013 he was taken from WSP to see non-party Dr. Steven S. Chung. *Id.* at 16. Plaintiff alleges that he was examined and prescribed an increase in gabapentin to 3600mgs and an increased dosage of his muscle relaxer, baclofen. *Id.* at 16-17.

Plaintiff alleges that his gabapentin prescription must be renewed annually and that on December 2, 2013, Dr. Chung did not renew the gabapentin prescription. *Id.* at 17-18. Plaintiff alleges that the "unofficial word is policy" but that he was not provided with any reason for not being prescribed gabapentin. *Id.*

Plaintiff alleges that his gabapentin was tapered off, and that he was prescribed baclofen to replace it. *Id.* at 18. Although the timing is not clear from plaintiff's complaint, it appears that sometime in late 2013, plaintiff experienced "extreme" problems due to the tapering. *Id.* at 19.

Plaintiff alleges that on February 6, 2014, non-party Edwards requested that plaintiff go to the University of Washington's MS clinic in Seattle. *Id.* at 22.  Plaintiff alleges that due to a transportation mix-up, he did not attend his appointment at the University of Washington in Seattle. *Id.* at 6-7, 22-23. Plaintiff alleges that it took three months to get a new appointment, see the specialist, and complete testing. *Id.* at 7.

ORDER TO SHOW CAUSE OR AMEND AND
ORDER DENYING MOTION TO APPOINT
COUNSEL - 2

Plaintiff alleges that on April 17, 2014, he saw non-party Annette Wundes, M.D. at the MS clinic in Seattle. *Id.* at 24. Plaintiff alleges that Dr. Wundes prescribed plaintiff gabapentin and requested MRIs. *Id.* Plaintiff alleges that he started taking the gabapentin again and non-party Dr. Diego at the Washington State Reformatory ("WSR") presented the gabapentin prescription and recommendations to the CRC. *Id.* at 24-25.

Plaintiff alleges that on April 23, 2014, he was taken off gabapentin again because the CRC denied his request. *Id.* at 25. Plaintiff alleges that Dr. Diego again presented plaintiff's gabapentin prescription at the next CRC meeting and that plaintiff's prescription was approved on April 29, 2014. *Id.* at 26. Plaintiff alleges that on April 29, 2015, the WSP medical staff renewed plaintiff's prescription for gabapentin for another year. *Id.* at 29.

Plaintiff seeks continued medical care and $75,000 in damages per defendant. Dkt. 7 at 4.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

1   identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

2   (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

3   named defendants caused, or personally participated in causing, the harm alleged in the

4   complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

5       Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an

6   amended complaint.

7   **A.      Adequate Medical Treatment**

8       Plaintiff alleges that he was denied proper medical care. Dkt. 7. The government has an

9   obligation to provide medical care for prisoners.  The Eighth Amendment proscribes deliberate

10  indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

11  To establish "deliberate indifference," a prisoner must show that a defendant purposefully

12  ignored or failed to respond to the prisoner's pain or possible medical need.  *Id*. at 104.  A

13  determination of "deliberate indifference" involves an examination of two elements: (1) the

14  seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that

15  need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

16      A medical need is serious "if the failure to treat the prisoner's condition could result in

17  further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974

18  F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable

19  doctor or patient would find important and worthy of comment or treatment; the presence of a

20  medical condition that significantly affects an individual's daily activities; or the existence of

21  chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for

22  medical treatment." *McGuckin,*  974 F.2d at 1059-1060.

23

24

1    If a plaintiff shows that he suffered from a serious medical need, he must then show that

2    the prison officials responded to the need with deliberate indifference. *Farmer v. Brennan*, 511

3    U.S. 825, 834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a

4    purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In

5    other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or

6    possible medical need." *Id*. A prison official, accordingly, will not be found deliberately

7    indifferent to a prisoner's serious medical needs, "unless the official knows of and disregards an

8    excessive risk to inmate health or safety." *See Farmer*, 511 U.S. at 837. "[T]he official must both

9    be aware of facts from which the inference could be drawn that a substantial risk of serious harm

10   exists, and he must also draw the inference." *Id.*

11   Delay of, or interference with, medical treatment can also amount to deliberate

12   indifference. *See McGuckin*, 974 F.2d at 1059; *Hutchinson v. United States*, 838 F.2d 390, 394

13   (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment resulted from

14   deliberate indifference, however, the prisoner must show that the delay led to further injury. *See*

15   *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

16   (9th Cir. 1985) (per curiam).

17   Furthermore, a plaintiff must also allege facts in his § 1983 complaint showing how

18   individually named defendants caused or personally participated in causing the harm alleged in

19   the complaint. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held

20   liable under § 1983 solely on the basis of supervisory responsibility or position. *Monell v.*

21   *Department of Social Servs., of City of New York,* 436 U.S. 658, 691–694 (1978). Plaintiff can

22   prove causation under § 1983 only if plaintiff demonstrates that a defendant did an affirmative

23   act, participated in another's affirmative act, or omitted to perform an act which he was legally

24

ORDER TO SHOW CAUSE OR AMEND AND
ORDER DENYING MOTION TO APPOINT
COUNSEL - 5

1    required to do that caused the deprivation complained of. *Arnold,* 637 F.2d at 1355 (*quoting*

2    *Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir. 1978)).

3        Plaintiff identifies twenty defendants in this action. *See* Dkt. 7. Plaintiff alleges seventeen

4    of the twenty defendants, defendants Warner, Hammond, Remy, Lauren, Bunnel, Stanbury,

5    Keppler, Cristianson, Longana, Rollins, Larson, Palmer, Ngo, Silver, Reyes, Moore, and Sawyer,

6    were members of the CRC, an entity that reviewed plaintiff's medications and prescriptions,

7    from January 29, 2014 to April 23, 2014. *See* Dkt. 7 at 8-10. Plaintiff alleges that these seventeen

8    defendants denied plaintiff's request for gabapentin on January 29, 2014. Dkt. 7 at 20-11.

9        Plaintiff alleges that defendants Hayes, Southern and Warner were responsible in a

10    supervisory capacity for denying plaintiff's request for gabapentin on January 7, 2014. Dkt. 7 at

11    19-20.

12        It appears that the crux of plaintiff's complaint is that his gabapentin prescription was

13    delayed and as a result, defendants violated his Eighth Amendment rights. However, plaintiff has

14    not set forth any facts demonstrating that the named defendants personally participated in

15    causing any harm from the delay in receiving his gabapentin prescription.  *See Arnold,* 637 F.2d

16    at 1355. While plaintiff alleges that sometime in late 2013, the tapering of his gabapentin

17    prescription was causing "extreme" problems, Dkt. 7 at 19, this vague description does not

18    provide any detail from which the Court can determine the type of harm that resulted from

19    tapering plaintiff's prescription for gabapentin. There are no allegations in plaintiff's complaint

20    showing how his condition was aggravated or what injury resulted due to defendants' decision in

21    2014 not to renew his medication. Nor does plaintiff allege that the delay substantially harmed

22    his treatment for MS. *See Shapley,* 766 F.2d at 407 (delay must cause substantial harm); *Cf.*

23

24

ORDER TO SHOW CAUSE OR AMEND AND
ORDER DENYING MOTION TO APPOINT
COUNSEL - 6

1   *v. Dental Department,* 865 F.2d 198, 199 (9th Cir.1989) (three month delay in replacing

2   dentures, causing gum disease and possibly weight loss constituted eighth amendment violation).

3          Moreover, although plaintiff alleges that defendants denied his request for the gabapentin

4   prescription, plaintiff does not identify in his complaint any facts demonstrating that the named

5   defendants were aware of plaintiff's concerns/complaints regarding his medical treatment. Dkt. 7

6   at 8-10. Thus, plaintiff has not alleged any facts which demonstrate that defendants were

7   deliberately indifferent to his health or safety. *See Jackson,* 90 F.3d at 332.

8          Accordingly, the Court finds that plaintiff has failed to state a claim under the Eighth

9   Amendment. If plaintiff wishes to pursue this § 1983 action, he must provide an amended

10  complaint with a short, plain statement explaining exactly what actions were taken by

11  defendants, how defendants' actions violated plaintiff's constitutional rights, what harm he

12  suffered as a result, and whether defendants had knowledge of plaintiff's harm or risk of harm.

13  **B.       Motion to Appoint Counsel (Dkt. 8)**

14         No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v.*

15  *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S.*

16  *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

17  discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

18  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

19  U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

20  *grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the

21  Court must evaluate both "the likelihood of success on the merits [and] the ability of the

22  [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."

23  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718

24

1  F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp

2  of his case or the legal issues involved and an inadequate ability to articulate the factual basis of

3  his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

4        Plaintiff's motion to appoint counsel contains no reasons supporting his need for court

5  appointed counsel. Dkt. 8. The Court notes his case does not involve complex facts or law, and

6  plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion

7  understandable to the Court. Plaintiff has also not shown he is likely to succeed on the merits of

8  his case. Accordingly, plaintiff's motion to appoint counsel is denied.

9      **C.     Instruction to Plaintiff and the Clerk**

10       Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If

11  plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended

12  complaint and within the amended complaint, he must write a short, plain statement telling the

13  Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who

14  violated the right; (3) exactly what the individual did or failed to do; (4) how the action or

15  inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5)

16  what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,

17  423 U.S. 362, 371–72, 377 (1976).

18       Plaintiff shall present the amended complaint on the form provided by the Court. The

19  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

20  and not a copy, it should contain the same case number, and it may not incorporate any part of

21  the original complaint by reference. The amended complaint will act as a complete substitute for

22  the original complaint, and not as a supplement.  An amended complaint supersedes the original

23  complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

24

ORDER TO SHOW CAUSE OR AMEND AND
ORDER DENYING MOTION TO APPOINT
COUNSEL - 8

1  *other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended

2  complaint must be complete in itself and all facts and causes of action alleged in the original

3  complaint that are not alleged in the amended complaint are waived.  *Forsyth,* 114 F.3d at 1474.

4  The Court will screen the amended complaint to determine whether it contains factual allegations

5  linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize

6  service of the amended complaint on any defendant who is not specifically linked to a violation

7  of plaintiff's rights.

8         If plaintiff fails to file an amended complaint or fails to adequately address the issues

9  raised herein on or before **January 29, 2016** the undersigned will recommend dismissal of this

10 action as frivolous pursuant to 28 U.S.C. § 1915.

11        The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

12 civil rights complaint and for service. The Clerk is further directed to send copies of this order

13 and Pro Se Instruction Sheet to plaintiff.

14        Dated this 30th day of December, 2015.

15

16

17                                    J. Richard Creatura
                                      United States Magistrate Judge

18

19

20

21

22

23

24