UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ETIENNE L CHOQUETTE,

Plaintiff,

v.

BERNARD WARNER et al.,

Defendants.

CASE NO. 3:15-CV-05838-BHS-JRC

SECOND ORDER TO SHOW CAUSE OR AMEND

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Plaintiff Etienne L. Choquette, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's amended complaint (Dkt. 10) under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's amended complaint but provides plaintiff leave to file an amended pleading by February 22, 2016, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP"), alleges that he was denied adequate medical care. Dkt. 10. Plaintiff alleges that in early 2013 his nerve pain increased and that on November 7, 2013 he was taken to see a neurologist, non-party Dr. Chung. Dkt. 10 at 13-14. Plaintiff alleges that after his examination he was prescribed an increase in his gabapentin medication to 3600mgs daily. *Id.* at 14.

Plaintiff alleges that on December 2, 2013, instead of increasing plaintiff's prescription, the Department of Corrections ("DOC") took plaintiff off of the gabapentin. *Id.* at 19. Plaintiff alleges that the "loss of pain medication is [becoming] a larger and more defined problem as I am being tapered off the [gabapentin]." *Id.* at 21.

Plaintiff alleges that defendant Warner was the Secretary of the DOC in 2013 and was responsible for policy and "all those in his chain of command." *Id.* at 19. Plaintiff alleges that defendant DuVall was the chairperson of the pharmacy committee that voted to take plaintiff off of the gabapentin medication. *Id.* at 19-20. Plaintiff alleges that defendants used a policy to take away his medication rather than follow the recommendation of his neurologist. *Id.* at 20.

Plaintiff alleges that the medical providers at WSP again requested that plaintiff be prescribed gabapentin on January 7, 2014; however, the request was denied. *Id.* at 21. Plaintiff alleges that defendant Southern was the pharmacy voting committee chair person at this time. *Id.* at 22. Plaintiff alleges that "the pain and suffering caused ….is beyond [explanation]." *Id.* at 23.

Plaintiff alleges that on January 29, 2014, his third request for gabapentin was denied by the DOC's Care Review Committee ("CRC"). *Id.* at 23. Plaintiff alleges that defendant Hammond and defendant Warner are responsible for denial of this request. *Id.*

1     Plaintiff alleges that he has sent nine medical kites between December 2013 and February
2  5, 2014 and that "the pain is a huge problem." *Id.* at 26.

3     Plaintiff alleges that on February 12, 2014 he saw a multiple sclerosis ("MS") doctor at
4  the University of Washington. *Id.* at 26. Plaintiff alleges that he missed the appointment because
5  there was a mix-up with his transportation. *Id.* at 26-27. Plaintiff alleges that he then spent three
6  months in isolation in the hospital at Washington State Reformatory ("WSR") until his
7  appointment was rescheduled. *Id.* at 27.  Plaintiff alleges that non-party Dr. Wundes prescribed
8  3600mg of gabapentin for plaintiff's nerve pain on April 17, 2014. *Id.* at 28. Plaintiff alleges that
9  on April 23, 2014, he started taking gabapentin again. *Id.* Plaintiff alleges that non-party Dr.
10 Diego presented plaintiff's case to the CRC and his gabapentin prescription was restarted. *Id.* at
11 41.  Plaintiff alleges that his gabapentin prescription has been renewed for another year.

12    Plaintiff alleges that he filed level I, II, and III grievances, which were all denied. *Id.* at
13 19-23, 25, 37.

14    Plaintiff seeks continued medical care, $75,000 in damages per defendant, and a
15 regulation on the prescription of gabapentin. *Id.* at 43.

16                              **DISCUSSION**

17    Under the Prison Litigation Reform Act of 1995, the Court is required to screen
18 complaints brought by prisoners seeking relief against a governmental entity or officer or
19 employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the
20 complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
21 state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
22 who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
23 152 F.3d 1193 (9th Cir. 1998).

24

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**A.     Adequate Medical Treatment**

Plaintiff alleges that he was denied proper medical care. Dkt. 10. The government has an obligation to provide medical care for prisoners. The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To establish "deliberate indifference," a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *Id*. at 104. A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a

medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin,* 974 F.2d at 1059-1060.

If a plaintiff shows that he suffered from a serious medical need, he must then show that the prison officials responded to the need with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs, "unless the official knows of and disregards an excessive risk to inmate health or safety." *See Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See McGuckin*, 974 F.2d at 1059; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment resulted from deliberate indifference, however, the prisoner must show that the delay led to further injury. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Furthermore, a plaintiff must also allege facts in his § 1983 complaint showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under § 1983 solely on the basis of supervisory responsibility or position. *Monell v.*

*Department of Social Servs., of City of New York,* 436 U.S. 658, 691–694 (1978). Plaintiff can prove causation under § 1983 only if plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold,* 637 F.2d at 1355 (*quoting Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir. 1978)).

Plaintiff identifies twenty defendants in this action. *See* Dkt. 10. It appears that the crux of plaintiff's complaint is that his gabapentin prescription was delayed and as a result, defendants violated his Eighth Amendment rights. However, plaintiff's complaint fails to allege or present sufficient fact that any of the particular named defendants were deliberately indifferent to plaintiff's serious medical need. Although plaintiff alleges that defendants denied his request for the gabapentin prescription, plaintiff does not identify in his complaint any facts demonstrating that any particular named defendants were aware of plaintiff's concerns/complaints regarding his medical treatment. *See* Dkt. 10 at 19-23. Moreover, plaintiff alleges that he filed grievances, but he does not allege any facts showing that any of the particular named defendants were aware that plaintiff was injured due to the lack of gabapentin. *See id.* In fact, the grievance attached to plaintiff's complaint shows that non-parties J. Alyeku (grievance coordinator) and Kevin Bovenkamp (assistant secretary of WSP) responded to plaintiff's level III grievance. Dkt. 10 at 6. However, neither of these individuals is named as a defendant in plaintiff's complaint. Thus, plaintiff has not alleged any facts which demonstrate that any of the named defendants were deliberately indifferent to his health or safety. *See Jackson,* 90 F.3d at 332.

Accordingly, the general allegations contained in the complaint are sufficient to raise concerns with the this Court, therefore, although the Court finds that plaintiff has failed to state a claim under the Eighth Amendment, if plaintiff wishes to pursue this § 1983 action, he must

provide an amended complaint with a short, plain statement explaining exactly what actions were taken by each particular defendant, how each particular defendants' actions violated plaintiff's constitutional rights, what harm he suffered as a result, and whether the particular defendant had knowledge of plaintiff's harm or risk of harm.

### B.  Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint (Dkt. 10). If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint or amended complaint by reference. The second amended complaint will act as a complete substitute for the original complaint and the amended complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint or amended complaint that are not alleged in the second amended complaint

1 are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before **February 22, 2016** the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 21st day of January, 2016.

J. Richard Creatura
United States Magistrate Judge