UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ETIENNE L CHOQUETTE,<br><br>        Plaintiff,<br><br>    v.<br><br>BERNARD WARNER et al.,<br><br>        Defendants. | CASE NO. 3:15-CV-05838-BHS-JRC<br><br>ORDER DENYING SECOND<br>MOTION TO APPOINT COUNSEL |

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

      Currently before the Court is plaintiff's second motion for appointment of counsel. Dkt. 15. Having reviewed the motion and the balance of the record, the Court finds that the motion should be denied because plaintiff has demonstrated his ability to articulate his claims without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time.

      No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v.*

1 *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S.*
2 *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is
3 discretionary, not mandatory"). However, in "exceptional circumstances," a district court may
4 appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28
5 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*
6 *grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances
7 exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the
8 petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."
9 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718
10 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient
11 grasp of his case or the legal issue involved and an inadequate ability to articulate the factual
12 basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.
13 2004).

14     In his amended complaint, plaintiff alleges that defendant violated his rights under the
15 Eighth Amendment. Dkt. 14. Plaintiff's motion states that he has attempted to obtain
16 representation but has not been successful. Dkt. 15. Plaintiff alleges that he has no resources to
17 hire his own attorney and needs assistance with discovery and experts. *Id.* Plaintiff alleges that
18 he has a high school education and no legal background. *Id.*

19     Here, plaintiff has demonstrated an ability to articulate his claim under the Eighth
20 Amendment in a clear fashion that is understable to the Court. In addition this is not a
21 complex case nor does plaintiff's § 1983 claim for retaliation entitle him to representation. *See*
22 *Storseth*, 654 F.2d at 1353. "Most actions require development of further facts during litigation
23 and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to
24

support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

While plaintiff's claim may have merit, it is not possible to determine plaintiff's likelihood of success at this point in the litigation. Because plaintiff has demonstrated his ability to articulate his claim without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time, the Court denies plaintiff's motion for appointment of counsel.

Therefore, it is ORDERED:

(1) Plaintiffs' motion for appointment of counsel (Dkt. 15) is denied.

(2) The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 29th day of April, 2016.

J. Richard Creatura
United States Magistrate Judge