1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

ETIENNE L CHOQUETTE,

11                    Plaintiff,

12          v.

13    BERNARD E WARNER et al.,

14                    Defendants.

15

CASE NO. 3:15-CV-05838-BHS-JRC

ORDER CONVERTING
DEFENDANTS' MOTION TO
DISMISS TO A MOTION FOR
SUMMARY JUDGMENT

16          Defendants filed a motion to dismiss for failure to state a claim and submitted two

17    exhibits in support that are not a part of the record. Dkt. 64.  The Court concludes that these

18    exhibits may not be incorporated by reference.  Therefore, defendants' motion to dismiss is

19    converted to a motion for summary judgment.

20                              BACKGROUND

21          Plaintiff alleges that defendants acted with deliberate indifference when they stopped his

22    Gabapentin treatment, a nerve pain medication for his multiple sclerosis. Dkt. 61. In support of

23    his complaint, plaintiff attached several exhibits including the Washington Department of

24

ORDER CONVERTING DEFENDANTS' MOTION
TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT - 1

Corrections ("DOC") Pharmaceutical Management and Formulary Manual ("Formulary"). Dkt. 61-1, Exhibit B.

Defendants filed a motion to dismiss alleging that plaintiff has failed to state a claim for which relief can be granted. Dkt. 64. Defendants attached two exhibits to the motion to dismiss which are not a part of the complaint or record, the DOC Offender Health Plan ("OHP") and Gabapentinoid Protocol. Dkt. 64-1.  Defendants assert that the documents can be considered under the incorporation by reference doctrine. Dkt. 64 at 4, n. 1, 2.

DISCUSSION

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If, on a motion under 12(b)(6),

> matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Plaintiff does not object to the authenticity of these documents. *See* Dkt. 66. Defendants contend that plaintiff incorporated the OHP and Gabapentinoid Protocol into his complaint when he attached portions of the Formulary as an exhibit. Dkt. 64 at 4, fn. 1, 2. Defendants argue that

1  because the Formulary refers to the OHP and the Gabapentinoid Protocol, the Court should

2  consider these documents as incorporated by reference. *Id.*

3       Plaintiff contends that the OHP and Gabapentinoid Protocol do not form the basis of his

4  complaint, nor does he refer extensively to these documents. Dkt. 65 at 10. Plaintiff argues that

5  he has alleged that defendants' denial of gabapentin treatment was medically unacceptable and

6  made in conscious disregard for his pain, and that it would be improper to consider the OHP and

7  Gabapentinoid Protocol when ruling on the motion to dismiss. *Id.* at 11. Plaintiff also argues that

8  defendants ask the Court to draw inferences and resolve factual disputes, which is beyond the

9  scope of a motion to dismiss. Dkt. 66 at 11-12 (citing Dkt. 64 at 5, 17-18). In addition, plaintiff

10  asserts that, under Federal Rule of Civil Procedure 56(d), he is entitled to engage in discovery

11  before the Court rules on a converted motion for summary judgment. Dkt. 66 at 10 fn. 1.

12       As courts have recognized, merely mentioning the existence of a document does not

13  satisfy the incorporation by reference standard. *See, e.g., Coto Settlement,* 593 F.3d at 1038

14  (citing *Ritchie,* 342 F.3d at 908–09); *F.T.C. v. Amazon.com, Inc.,* 71 F.Supp.3d 1158, 1161

15  (W.D. Wash. 2014) (declining to deem a document incorporated by reference as it was "[o]nly

16  once ... tangentially mention[ed]" in the complaint). Here, the Court finds that while these

17  documents may be admissible evidence in the action to rebut plaintiff's claims, it cannot fairly be

18  said that plaintiff did anything more than mention the existence of the OHP and Gabapentinoid

19  Protocol when he attached the Formulary to his complaint.

20       The Court therefore concludes that defendants have attached exhibits that cannot be

21  incorporated by reference. However, the Court will consider all exhibits attached by defendants.

22  As documents attached to the motion to dismiss are on matters outside the pleading, the motion

23  must be treated as one for summary judgment under Rule 56. *See Garaux v. Pulley*, 739 F.2d

24

ORDER CONVERTING DEFENDANTS' MOTION
TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT - 3

437, 438 (9th Cir. 1984). Therefore, the Court converts defendants' motion to dismiss to a motion for summary judgment.[1]

The Court notes that according to the declaration of plaintiff's counsel, the parties have not initiated discovery. Dkt. 67. In his response, plaintiff requests that if the Court treats defendants' motion to dismiss as a motion for summary judgment, the Court stay defendants' motion to allow for discovery. Dkt. 66 at 10, n. 1; Dkt. 67 (declaration of plaintiff's counsel); Fed. R. Civ. P. 56(d); *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002) ("provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."). *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted) (Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.").

However, because plaintiff's request was made in his response to defendants' motion, defendants have not yet had an opportunity to respond to plaintiff's request to allow discovery under Rule 56(d). The Court will now allow defendants' to respond to plaintiff's request for a continuance.

The Clerk is directed to rename defendants' motion to dismiss (Dkt. 64) to motion for summary judgment. Defendants' motion for summary judgment shall be stayed and held in abeyance. Defendants' response to plaintiff's request for a continuance pursuant to Rule 56(d) is

---

[1] Because plaintiff is represented by counsel, the Court finds it is unnecessary to advise him of the Rule 56 requirements. *See Anderson v. Angelone*, 86 F.3d 932, 934-35 (9th Cir. 1996); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998).

1    due on or before January 27, 2017. After defendants have had an opportunity to respond, the

2    Court will determine the deadlines for discovery and/or additional briefing.

3          Dated this 11th day of January, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER CONVERTING DEFENDANTS' MOTION
TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT - 5