UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ETIENNE L CHOQUETTE,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD E WARNER et al.<br><br>Defendants. | CASE NO. 3:15-CV-05838-BHS-JRC<br><br>ORDER GRANTING MOTION TO CONTINUE AND SETTING PRETRIAL DISCOVERY DEADLINES |

Plaintiff moves to continue defendants' motion for summary judgment. Dkt. 66. The Court finds that plaintiff has met his burden to show that the requested discovery would prevent summary judgment. Thus, plaintiff's motion for a continuance is granted. The Court also establishes the discovery deadlines outlined below.

BACKGROUND

Defendants filed their second motion to dismiss on November 22, 2016. Dkt. 64. On January 11, 2017, the Court converted defendants' motion to dismiss to a motion for summary judgment. Dkt. 69. The Court stayed defendants' motion to for summary judgment to allow

ORDER GRANTING MOTION TO CONTINUE
AND SETTING PRETRIAL DISCOVERY
DEADLINES - 1

defendants to respond to plaintiff's request for a continuance pursuant to Federal Rule of Civil Procedure 56(d). *Id.*

In his complaint, plaintiff alleges that defendants, medical providers with the Department of Corrections, violated his Eighth Amendment rights to adequate medical treatment when they stopped his Gabapentin treatment, a nerve pain medication for multiple sclerosis. Dkt. 61. Plaintiff alleges that defendants relied on inferior medical opinions and against the recommendations of plaintiff's treating neurologist. *Id.* Plaintiff seeks injunctive relief as well as damages. *Id.*

## DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1]

The party seeking such a continuance must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129–1130 (9th Cir. 2004). The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists.

---

[1] Effective December 1, 2009, Rule 56 was amended such that subdivision (d) carries forward without substantial change the provisions of the former subdivision (f). See Advisory Committee Note to Rule 56. Thus, the body of law developed under prior Rule 56(f) applies to the current Rule 56(d) motion.

ORDER GRANTING MOTION TO CONTINUE
AND SETTING PRETRIAL DISCOVERY
DEADLINES - 2

*Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001). The Court may deny the request unless the party opposing summary judgment articulates how additional discovery may preclude summary judgment and demonstrates diligence in pursuing discovery thus far. *Qualls v. Blue Cross of California, Inc.,* 22 F.3d 839, 844 (9th Cir. 1994). "Although Rule 56(f) [now Rule 56(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery where the non-moving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 842, 846 (9th Cir. 2001) (internal quotation marks and citation omitted); *see also Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (finding that where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely").

In support of plaintiff's request for a continuance, plaintiff submits the declaration of his counsel. Dkt. 67, Declaration of Jesse Wing. Mr. Wing declares that plaintiff has not yet served any discovery in this case and that discovery is necessary to determine whether defendants stopped plaintiff's gabapentin treatment pursuant to a concern that plaintiff was abusing the medication. *Id.* at ¶ 3, 4. Mr. Wing declares that it is also necessary to discover plaintiff's medical history, the information made available to and considered by plaintiff's medical providers and specialists, the knowledge and experience of defendants' and plaintiff's medical providers, the various justifications for ending plaintiff's gabapentin treatment, the effect of the

1 denial of the treatment on plaintiff, possible substitute treatments, and the history, development
2 and application of the Department of Corrections Gabapentinoid protocol and policies. *Id.*

3       Defendants argue that plaintiff has not met his Rule 56(d) burden for a continuance to
4 show that the requested discovery would prevent summary judgment on the issue of qualified
5 immunity and injunctive relief. Dkt. 70 at 3-5. The objective of the qualified immunity doctrine
6 is to ensure "that 'insubstantial claims' against government officials be resolved prior to
7 discovery and on summary judgment if possible." *Anderson v. Creighton*, 483 U.S. 635, 640 n.
8 23 (1987) (*citing Harlow*, 457 U.S. at 818–19). As such, district courts generally stay discovery
9 until the issue of qualified immunity is resolved. *See Crawford–El v. Britton*, 523 U.S. 574, 598
10 (1998); *Harlow*, 457 U.S. at 818; *Di Martini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989). The
11 seemingly broad prohibition on discovery announced in *Harlow* has not gone unqualified,
12 however. Where there is a dispute as to both the reasonableness of the official's actions and the
13 factual characterization of those actions, discovery as to the issue of qualified immunity may be
14 necessary. *See Anderson*, 483 U.S. at 646 n. 6; *Whisman v. Rinehart*, 119 F.3d 1303, 1308 (8th
15 Cir. 1997) ("Qualified immunity is usually raised by a motion for summary judgment after a
16 limited amount of discovery has been conducted."). In addition, the *Harlow* ruling and its
17 discussion of discovery restrictions was directed to the question of damages, not equitable relief.
18 *Harlow*, 457 U.S. at 819 n. 34. *See Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1175–76 (9th Cir.1984).
19 As the Fourth Circuit has noted, "[a] present declaration of immunity from damage claims
20 cannot avoid the diversion of [the officials'] attention from other official duties which the
21 litigation [of the equitable claims] will occasion." *Bever v. Gilbertson*, 724 F.2d 1083, 1087 (4th
22 Cir.1984).

ORDER GRANTING MOTION TO CONTINUE
AND SETTING PRETRIAL DISCOVERY
DEADLINES - 4

Here, because it appears that there are factual disputes as to the underlying events giving rise to the qualified immunity defense, the Court finds that plaintiff has demonstrated that he cannot present facts to justify his opposition to defendants' motion for summary judgment without further discovery. *See* Fed. R. Civ. P. 56(d). Plaintiff draws a causal connection between the plaintiff's medical history and defendants' treatment and his Eighth Amendment claim of deliberate indifference. Thus, plaintiff has demonstrated that relevant and essential evidence exists that may only be obtained through discovery and that this evidence is needed to properly respond to the pending summary judgment motion. He has also demonstrated no apparent lack of diligence in pursuing discovery, given that discovery has not yet commenced in this action. *See Chance,* 242 F.3d 1151, 1161 n. 6; *Qualls,* 22 F.3d 839, 844. *But see Margolis v. Ryan,* 140 F.3d 850, 853-54 (9th Cir. 1998) (district court correctly denied motion for continuance to engage in further discovery under Rule 56(d) where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation").

Moreover, plaintiff raises both claims for damages and injunctive relief. Dkt. 61. As a practical matter, any stay or limitation on discovery would be meaningful only if the damages discovery was significantly different from the discovery directed to the equitable claims. *See Harlow,* 457 U.S. at 819 n. 34. In this case, it is not. Thus, the Court declines to limit the scope of discovery to whether Gabapentin is abused in prison and whether the Care Review Committee had reason to believe that plaintiff had a history of substance abuse. *See* Dkt. 70. The Court also declines defendants' request to limit the number of interrogatories, requests for admission, and requests for production of documents and all depositions. *Id.* This will ensure that the Court is provided with a complete and accurate record prior to ruling on a motion for summary judgment.

Because the Court has concluded that plaintiff's motion for a continuance is granted, ruling on the currently-pending motion for summary judgment is deferred until the completion of discovery provided for in this order. The Clerk is directed to re-note the pending motion for summary judgment (Dkt. 64) for July 24, 2017. The Court may re-note the motion based on the discovery plan submitted by the parties, *see* discovery deadlines below. In the alternative, defendants may withdraw the motion for summary judgment and file a new motion at the completion of discovery.

## DISCOVERY DEADLINES

The Court now establishes the following discovery deadlines:

(1) <u>FRCP 26(f) Conference</u>: The deadline for the parties' FRCP 26(f) conference is **March 24, 2017.** This conference shall be by direct and personal communication, whether that be a face-to-face meeting or a telephonic conference.

(2) <u>Initial Disclosures</u>: The initial disclosure deadline is **April 24, 2017.**

(3) <u>Discovery Plan:</u> Counsel and any pro se parties are directed to confer and provide the Court with a Discovery Plan by **May 24, 2017.** The Discovery Plan must contain the following information relating to the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

    a) initial disclosures;

    b) subjects, timing, and potential phasing of discovery;

    c) electronically stored information;

    d) privilege issues;

    e) proposed limitations on discovery;

    f) the need for any discovery related orders;

1   g) the date by which discovery can be completed; and

2   h) whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

3

4   (4) The Clerk of Court is directed to send a copy of this Order to counsel for the parties.

5   Dated this 27th day of February, 2017.

_____
J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION TO CONTINUE
AND SETTING PRETRIAL DISCOVERY
DEADLINES - 7