# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ETIENNE L CHOQUETTE,

    Plaintiff,

v.

BERNARD E WARNER,

    Defendant.

CASE NO. 3:15-CV-05838-BHS-JRC

ORDER

Before the Court is Defendants' Motion Regarding Sufficiency of Answers and Motion for Protective Order. Dkt. 76. Defendants request an order deeming defendants' Requests for Admission ("RFA") Nos. 1, 3, 5, 7, 13, 14, 15, 19, and 20 admitted by plaintiff. *Id.* Defendants also seek a protective order wherein defendants request an order limiting discovery. *Id.* Plaintiff responded to the motion. Dkt. 78. Defendants filed a reply. Dkt. 79.

In this case, the parties dispute the proportionality and relevancy of their propounded discovery requests. The Court finds that defendants' motion for sufficiency regarding defendants' RFA Nos. 1, 3, 5, 7, 13, 14, 15, 19, and 20 is granted in part as the RFAs will narrow

the scope of issues in dispute and avoid the need for unnecessary litigation. At this time, the Court declines to deem the matters admitted. With respect to the motion for protective order, defendants' motion for protective order is denied in part, and granted in part.

## BACKGROUND

In his complaint, plaintiff alleges that defendants, medical providers with the Department of Corrections, violated his Eighth Amendment rights to adequate medical treatment when they stopped his Gabapentin treatment, a nerve pain medication for multiple sclerosis. Dkt. 61. Plaintiff alleges that defendants relied on inferior medical opinions and against the recommendations of plaintiff's treating neurologist. *Id.* Plaintiff seeks damages and injunctive relief. *Id.*

The parties met on March 7, 2017 to agree on a discovery plan. Dkt. 74. On April 13, 2017, the parties had a Rule 26(c)(1) discovery conference and were able to make progress on several issues, but were unable to reach an agreement on the issues contained in defendants' motion. Dkt. 78 at ¶ 7.

## DISCUSSION

**1. Motion regarding Sufficiency of Answers to Defendants' Requests for Admission Nos. 1, 3, 5, 7, 13, 14, 15, 19 and 20**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a) (1). Requests for admission are not intended to be used to obtain discovery, but to narrow the issues for trial. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998). *See also Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1981) ("The purpose of Rule 36(a) is to expedite trial by

establishing certain material facts as true and thus narrowing the range of issues for trial."); Advisory Committee Note to 1970 Amendment to Fed.R.Civ.P. 36, 48 F.R.D. 531–532 (1970) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. *See* Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, *e.g., Thompson v. Yates,* No. 1:06–cv–00763–RCC, 2011 WL 5975469, at *2–3 (E.D. Cal. Nov.29, 2011). Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome. *See id.*

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." *Id.*

Among the requests for admission propounded to plaintiff were the following related to plaintiff's history of drug abuse:

|   |   |
|---|---|
| 1 | a. Request for Admission No. 1, Admit that you have ingested cocaine; |
| 2 | b. Request for Admission No. 3, Admit that you have ingested methamphetamines; |
| 3 | c. Request for Admission No. 5, Admit that you have ingested hallucinogens; |
| 4 | d. Request for Admission No. 7, Admit that you have ingested marijuana; |
| 5 | e. Request for Admission No. 13, Admit you have ingested two or more controlled substances for which you did not have a prescription during any 12 month period in your life; |
| 8 | f. Request for Admission No. 14, Admit you ingested three or more controlled substances for which you did not have a prescription during any 12 month period in your life; |
| 11 | g. Request for Admission No. 15, Admit that you have snorted a controlled substance; |
| 13 | h. Request for Admission No. 19, Admit that you have experienced withdrawal symptoms after discontinued use of a controlled substance; and |
| 15 | i. Request for Admission No. 20, Admit that you have experienced withdrawal symptoms after a reduction in use of a controlled substance. |

Dkt. 78 at ¶ 4, Exhibit 1.

In response, Plaintiff submitted the following objection to RFA Nos. 1, 3, 5, 7, 13, 14, and 15:

> Objection: The request is vague or unlimited as to the time frame. *See Cutino v. Untch*, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014) (parties are not required to respond to RFAs that are vague or unlimited in time and scope). The request appears to cover the entirety of Mr. Choquette's life, including the decades prior to his incarceration and his childhood, which is overbroad and outside the scope of relevance and proportionality under Rule 26(b)(1). Furthermore, the request seeks information for an improper purpose, namely to discover post hoc reasons to justify Defendants' illegal conduct. Cf. *McKennon v. Nashville Banner Pub. Co.,* 513 U.S.

352, 362–63 (1995) (in employment context, courts should apply discovery rules to prevent abusive practice of "extensive discovery into an employee's background" to search for after-acquired evidence). Finally, the request is harassing under Rule 26(g)(1), because to defend itself against allegations that it failed to provide the Plaintiff proper medical care, the State after-the-fact asks the Plaintiff to admit whether he has committed a crime.

Dkt. 78, Exhibit 1 at 4-7, 13-17.

In response to RFA Nos. 19 and 20, plaintiff replaced the last sentence in the above quote with: "[f]inally, the request is harassing under Rule 26(g)(1), because to defend itself against allegations that it failed to provide the Plaintiff proper medical care, the State after-the-fact asks the Plaintiff to admit symptoms that are not relevant to this action and that the State seems to seek as evidence that he has committed a crime." *Id.* at 16-17.

Defendants argue that plaintiff's objections are invalid and should not be permitted. Dkt. 77. Defendants contend that the requests were not vague and that plaintiff put his history of substance abuse at issue in his complaint. *Id.* at 6. As raised in his discovery response, plaintiff argues that the RFAs are based on an improper purpose and that defendants abused Rule 36 by propounding 44 RFAs, "the majority of them illegitimate." Dkt. 78 at 6. Plaintiff argues that defendants' RFAs were not intended to narrow the issues or remove those that are not in dispute, and instead, are being used to conduct wide-ranging discovery. Dkt. 78 at 7. Plaintiff also argues that even if plaintiff's objections were overruled, the proper remedy is for plaintiff to be ordered that an answer be served, not that the RFA is admitted. *Id.* at 10.

Although plaintiff contends that defendants' RFAs lack a proper purpose, plaintiff's past drug use is issue in this matter. *See* Dkt. 61. In his third amended complaint, plaintiff alleges that he was diagnosed with multiple sclerosis ("MS") in 2009, prior to his incarceration. Dkt. 61 at 3. Plaintiff alleges that he had been taking Gabapentin medication prior to his incarceration to manage his chronic MS symptoms. *Id.* Plaintiff alleges that defendants denied him adequate

medical treatment in violation of the Eighth Amendment when he was denied Gabapentin in 2013 and 2014. *See id.* Plaintiff also alleges that that Care Review Committee misrepresented his medical history regarding his substance abuse, which defendants contend was directly related to their decisions about the appropriateness of a Gabapentin prescription. Dkt. 61 at 5-6 (Plaintiff alleges that he does not have a history of drug abuse, contending that defendants mispresented his history of drug abuse when an outside physician was consulted as to whether Gabapentin was appropriate); *id.* at 11 (Plaintiff alleges that the Care Review Committee contains numerous misrepresentations regarding his medical needs and medical history.). In addition, plaintiff has propounded his own discovery requests related to this issue, *see* below.

Thus, the Court finds that defendants' RFA Nos. 1, 3, 5, 7, 13, 14, 15, 19 and 20 are relevant, will narrow the scope of issues in dispute and avoid the need for unnecessary litigation. Defendants' motion to determine the sufficiency of plaintiff's answers is granted in part. Plaintiff shall serve amended answers to RFA Nos. 1, 3, 5, 7, 13, 14, 15, 19 and 20. The Court declines to order the matters deemed admitted at this juncture, as defendants request, but plaintiff is warned that if his amended responses are subject to a future motion to determine the sufficiency and the Court again finds non-compliance with Rule 36, boilerplate objections, and/or a lack of good faith in responding, the consequence will be the imposition of sanctions, which may include an order that the matters are admitted. Fed. R. Civ. P. 36(a)(6); *Asea, Inc.,* 669 F.2d at 1247.

Plaintiff is required to serve amended answers, admitting or denying RFA Nos. 1, 3, 5, 7, 13, 14, 15, 19 and 20 within twenty (20) days after the date of this Order. Fed R. Civ. P. 36(a)(4).

**2. Motion for Protective Order**

Federal Rule of Civil Procedure 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense, including one or more of the following: ... forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). Rule 26(c) authorizes the court to override the presumptively public disclosure where good cause is shown. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999). To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. Specifically, the moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir.1990).

With regard to the scope of discovery, the recently amended rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). To determine the proportional needs of the case, the Court may consider:

> (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id*.

### a. Plaintiff's Interrogatory No. 2 and Request for Production No. 5

Defendants argue that they should not be required to respond to plaintiff's Interrogatory No. 2 and Request for Production No. 5 because these requests are duplicative, seeking the same information as defendants' RFA Nos. 1, 3, 5, 7, 13, 14, 15, 19 and 20. Dkt. 77 at 9.

> **INTERROGATORY NO. 2:** Please identify all information in the possession of the DOC to which you have access that shows Plaintiff has abused controlled substances, or diverted or snorted Gabapentin, or suffered withdrawal symptoms from medication. For each such information state:
> a. The source from which it was received;

      b. The date on which the DOC received it;
      c. The date on which each Defendant learned it, and how the Defendant learned it.
      d. The Identity of each document that contains it; and
      e. The name and job title of the person(s) who possesses it;

…

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of each document that you identified in response to interrogatory No. 2 above, or that is responsive to it.

Dkt. 78 at Exhibit 2.

Although plaintiff's interrogatory No. 2 and RFP No. 5 are related to defendants' RFA Nos. 1, 3, 5, 7, 13, 14, 15, 19 and 20, the requests are not duplicative. Defendants' RFAs seek admissions by plaintiff, and on the other hand, plaintiff's Interrogatory No. 2 and RFP No. 5 seek information related to plaintiff's medical records. Thus, defendants' motion for protective order as to plaintiff's Interrogatory No. 2 and RFP No. 5 is denied.

**3. Plaintiff's Request for Production No. 12**

Defendants also seek a protective order related to plaintiff's RFP No. 12, which requests all Pharmacy and Therapeutics Committee communications, research, reports and decisions pertaining to Gabapentin since January 1, 2012. Dkt. 77 at 10; Dkt. 78 at Exhibit 2. Defendants argue that during this time period, there have been many members of the committee, and in order to respond to this request, defendants would need to spend hours searching for records made by each committee member, who are not parties to this matter. Dkt. 77 at 10. Defendants argue that this is an extraordinary burden and not proportional to the needs of the case. *Id.* Defendants state that they will produce records related to the participation of defendants in the Pharmacy and Therapeutics Committee, but they request a protective order related to records of other members of the committee. *Id.*

| | |
|---|---|
| 1 | The Court has the power to limit or prevent discovery when it is unduly burdensome, i.e., when the burden imposed by the discovery outweighs its likely benefit considering the parties' resources and the amount in controversy. *See* Fed. R. Civ. P. 26(c)(1). RFP No. 12 is overbroad and burdensome. Plaintiff requests production of all communications, research, reports and decisions pertaining to Gabapentin since January 1, 2012. This request does not meet the requirement of being reasonably targeted and specific. *See* LCR 26(f)(1). In addition, defendants' burden of producing many years' worth of communications relating to Gabapentin outweighs the likely benefits to plaintiff, and the cost required to produce such communications will harm defendants. Avoiding particularized harm to the party seeking protection constitutes "good cause" for a protective order. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.2002). Thus, the Court grants defendants' motion for protective order as to plaintiff's RFP No. 12. |

Dated this 21st day of June, 2017.

J. Richard Creatura
United States Magistrate Judge