| | |
|---|---|
| ETIENNE L. CHOQUETTE,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD E. WARNER, et al.,<br><br>Defendants. | CASE NO. 3:15-cv-05838-BHS-JRC<br><br>ORDER DENYING MOTIONS TO EXCLUDE AND MOTION TO STRIKE |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff filed this § 1983 action alleging deliberate indifference in his medical care. After defendants filed a motion for summary judgment, plaintiff filed three motions to exclude the testimony of three potential defense witnesses. Defendants then moved to strike several portions of declarations filed by plaintiff. However, plaintiff's motions do not adhere to the Court's Local Rules, which require that the motions to strike be made within the confines of the

responsive pleadings -- the Court therefore denies them. The Court denies defendants' motions to strike because the information defendants object to, though presented in an inadmissible form, would be admissible at trial.

## BACKGROUND

After defendants moved for summary judgment (Dkt. 82), plaintiff filed three motions to exclude testimony, seeking to exclude both the declarations and expert testimony of three potential defense witnesses (Dkts. 93, 94, 96). Defendants responded to these motions, arguing only that these motions should be denied because they violated the Local Rules. Dkts. 101, 102, 103. In defendants' reply to plaintiff's response, defendants included a motion to strike. Dkt. 97 at 2-3. Pursuant to court order, counsel for the parties appeared at oral argument on December 7, 2017, and presented on both the motion for summary judgment and the motions to exclude.

## DISCUSSION

Plaintiff first challenges the expert testimony of several witnesses, moving to exclude their testimony. Dkts. 93, 94, 96.[1]

Defendants argue that plaintiff's motions to exclude were filed in violation of Local Rule 7(g), which provides, in part:

> Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion.
> . . .

Defendants also argued at oral argument that, even if the Court interprets this as a motion in limine, it is in violation of Local Rule 7(d)(4), which provides:

---

[1] The Court is considering these motions only in relation to its Report and Recommendation on the motion for summary judgment. The District Court Judge will rule on the admissibility of these opinions at trial.

> (4) *Motions in Limine.* Except upon a showing of good cause, any motions in limine shall be filed as one motion and shall be noted for consideration no earlier than the third Friday after filing and service of the motion but no later than the Friday before any scheduled pretrial conference. Any opposition papers shall be filed and served no later than the Monday before the noting date. No reply papers shall be filed.

The Court agrees with defendants. Though the Court does not abandon its gatekeeping duties regarding admissibility of evidence, plaintiff presented these motions in separate documents, after exhausting the page limits of his response to the summary judgment motion, which is prohibited under LR 7(g). And he has not presented his objections in a form recognized by the local rules as a motion in limine in conformity with the requirements of LR 7(d)(4) or the Federal Rules of Civil Procedure. Therefore, the Court denies these motions.

Defendants also move to strike particular portions of the Heller and Cartwright declarations. As noted above, at the summary judgment stage, the Court does not look at the admissibility of the form of evidence, but whether it could be presented at trial in an admissible form. *Fraser*, 342 F.3d at 1037. Defendants object that plaintiff's Heller declaration contains improper expert testimony because he allegedly opines about the role of pharmacists in the prescription of medication even though he himself is a medical doctor, not a pharmacist. Dkts. 97 at 2-3; 92 at 3-4. However, even if this testimony requires the expert testimony of a pharmacist rather than a medical doctor, such an expert could be presented at trial and his or her testimony would be admissible. Defendants also object that plaintiff's Cartwright declaration contains hearsay. Dkt. 97 at 2-3. However, the alleged hearsay statements could be presented by the declarants themselves at trial, and would therefore be similarly admissible. *See Fraser*, 342 F.3d at 1036-37; *Evnas v. USF Reddaway, Inc.*, 2017 WL 2837136 at *3 (D. Idaho 2017). The Court finds the evidence even if presented in an inadmissible form, could be presented in an admissible form at trial. Defendants' motion to strike is therefore denied.

# CONCLUSION

For the reasons stated above, the Court denies plaintiff's motions to exclude (Dkt. 93, 94, 96) and defendants' motion to strike (Dkt. 97 at 2-3).

Dated this 12th day of December, 2017.

J. Richard Creatura
United States Magistrate Judge