UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ETIENNE L. CHOQUETTE, | CASE NO. C15-5838 BHS-JRC |
| Plaintiff, | ORDER DENYING OBJECTIONS |
| v. | |
| BERNARD E. WARNER, et al., | |
| Defendants. | |

This matter comes before the Court on the order of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 107), Plaintiff's objections to the order (Dkt. 109), and Defendants' objections to the order (Dkt. 111).

On October 16, 2017, Defendants filed a motion for summary judgment. Dkt. 82. On November 6, 2017, Plaintiff responded, filed material in support of his response, and filed three separate motions to exclude some of Defendants' evidence. Dkts. 90–96. On November 13, 2017, Defendants replied and moved to strike some of Plaintiff's evidence. Dkt. 97. On December 12, 2017, Judge Creatura denied Plaintiff's motions to exclude because they were procedurally improper and denied Defendants' motion to strike because the challenged evidence could be submitted at trial in an admissible form even if

the current form was inadmissible.  Dkt. 107.  On December 22, 2017, Plaintiff filed objections.  Dkt. 109.  On December 26, 2017, Defendants filed objections.  Dkt. 111.

When considering objections to a nondispositive matter, the district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In this case, both parties fail to show that Judge Creatura's order is clearly erroneous or contrary to law.  First, Defendants contend that Judge Creatura relied on pure speculation in concluding that Dr. Chung could provide admissible testimony at trial to overcome PA Phillips's hearsay statement during her deposition.  Dkt. 111 at 3–4.  In other words, Defendants object to the probability of Dr. Chung testifying at trial and not the possibility that he could be called.  To the extent that he may be called, Judge Creatura did not clearly err in concluding that Plaintiff may overcome the hearsay objection at trial by calling the declarant.

Second, Defendants argue that Judge Creatura erred in concluding that Plaintiff may be able to cure the improper expert problem by calling a pharmacist at trial. Defendants have failed to show that this conclusion is clearly erroneous.  More importantly, Defendants fail to show that the contested evidence is necessary to create material questions of fact for trial.  Unless the contested evidence was relied upon to deny Defendants' motion for summary judgment, then Defendants are requesting an advisory opinion on irrelevant matters.  Therefore, the Court denies Defendants' objections.

Third, Plaintiff contends that Judge Creatura erred by considering his motions to exclude as improper motions to strike.  Dkt. 109.  The Court disagrees based on the

1   unique procedural posture of this case.  If the matter proceeds to trial, then the Court will

2   set a pretrial schedule that will include a deadline for motions to exclude.  At that time,

3   Plaintiff may refile or renote his motions.  To the extent that the matter is referred for all

4   pretrial matters up to and including summary judgment, Judge Creatura did not err in

5   summarily denying the motions as procedurally improper for the purposes of summary

6   judgment.  Therefore, the Court denies Plaintiff's objections.

7        **IT IS SO ORDERED**.

8        Dated this 24th day of January, 2018.

BENJAMIN H. SETTLE
United States District Judge