UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ETIENNE L. CHOQUETTE, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD E. WARNER, et al., <br><br> Defendants. | CASE NO. C15-5838 BHS-JRC <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 108), and Defendants' objections to the R&R (Dkt. 112).

The background of this case is set forth in the underlying R&R, which was filed on December 12, 2017. Dkt. 108. On December 27, 2017, Defendants filed their objections. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Defendants first object to the R&R's reliance on the testimony of P.A. Phillips. Dkt. 112 at 1–3. The Court has already resolved this issue in its previous order regarding the R&R on Defendants' motion to exclude. Dkt. 117 at 2. There the Court determined that Judge Creatura properly considered the testimony of P.A. Phillips. *Id.* The Court need not address the issue again.

Defendants next object on the basis that the R&R failed to account for the testimony of Dr. Wundes that it was not unreasonable to try baclofen instead of gabapentin. However, just because Dr. Wundes agrees that it was not unreasonable to try an increased dosage of baclofen to address possible spasticity does not mean he agrees that it was reasonable for Defendants to entirely stop Plaintiff's concurrent dosage of gabapentin for his neuropathic pain. In fact, other testimony from Dr. Wundes suggests that he believes it was unreasonable to stop administering gabapentin. Dkt. 91-1 at 10–11, 21. Nor does this statement from Dr. Wudnes's deposition address Defendants failure to promptly reinstate the gabapentin treatment after it was clear that the baclofen was not helping Plaintiff's neuropathic pain. The R&R did not err in declining to consider this statement as convincing evidence that Dr. Wundes believed it was reasonable for Defendants to stop Plaintiff's gabapentin treatment in contravention of multiple recommendations from treating neurologists.

Defendants also object to the R&R by arguing that there is insufficient evidence to show that individual defendants had any personal knowledge that Plaintiff was suffering from neuropathic pain. To the contrary, there are numerous pieces of evidence to suggest that Defendants had been informed and were aware of Plaintiff's neuropathic pain,

including: (1) he had previously been treated with gabapentin for his multiple sclerosis by the Department of Corrections, Dkt. 91-2 at 26; (2) materials used by Defendants stated that multiple sclerosis can result in neuropathic pain and should be treated with gabapentin, *id.* at 19–20; and (3) Defendant Duvall specifically informed Defendant Hammond that Plaintiff was suffering from neuropathic pain in the form of a "significant reflex arc." *Id.* at 37. Defendants point out that the original non-formulary request on November 27, 2013, made no specific mention of neuropathic pain. *See* Dkt. 84-1 at 173.[1] But that does not overcome the significant evidence indicating that Defendants knew neuropathic pain is frequent or even expected with multiple sclerosis, that gabapentin is a first-line treatment for such pain, and that Defendants refused to provide Plaintiff with the gabapentin treatment recommended by his treating neurologist. Moreover, Defendants' argument regarding the first non-formulary request fails to address concerns raised by Defendants' denial of the second non-formulary request after it was evident that baclofen was not resolving Plaintiff's apparently debilitating neuropathic pain. *See* Dkt. 91-3 at 7–8.

Finally, the Court rejects Defendants contentions that they are entitled to qualified immunity under the precedent of *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866–68 (2017), and various First, Seventh, and Tenth Circuit decisions. However, even though these decisions indicate a varying degree of weight to be afforded treating and non-treating

---

[1] Notably, the report states that Plaintiff suffers from multiple sclerosis and radiculopathy and was already taking both gabapentin and baclofen, although the parties do not discuss how these statements might be synonymous with, or at least a clear indicator of, neuropathic pain.

physicians in the context of qualified immunity, the underlying principle remains that "[t]he choice of *a medical option that, although disfavored by some in the field, is presented by competent professionals* does not exhibit a level of inattention or callousness to a prisoner's needs rising to a constitutional violation." *Kosilek v. Spencer*, 774 F.3d 63, 91–92 (1st Cir. 2014) (emphasis added). Accordingly, even if these cases are considered, Plaintiff's claims still survive summary judgment as there is sufficient evidence to suggest that Defendants' denial of Plaintiff's multiple non-formulary requests goes beyond a disfavored medical option and instead consists of a deliberate or reckless disregard to Plaintiff's apparent neuropathic pain and need for adequate medication.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R (Dkt. 108) is **ADOPTED**; and

(2) Defendants' motion for summary judgment (Dkt. 82) is **DENIED**.

Dated this 13th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4